## In re DUFFY.

(Supreme Court, Appellate Division, First Department. April 16, 1908.)

ELECTIONS—PRIMARY ELECTIONS—DECLARATION OF VOTER—"SINCE THE FIRST DAY OF LAST YEAR."

The Primary Election Law, Laws 1899, p. 970, c. 473, § 3, subd. 1, relating to the enrollment of voters at primary elections, requires each voter to declare that he "has not enrolled with or participated in any primary election or convention of any party since the first day of last year." Such law also provides that such declaration shall be made on the regular registration days preceding elections, and shall be deposited in the ballot boxes. which shall remain unopened until the Tuesday following the next succeeding day of the general election. The ballots are then opened, the blanks examined, and there is set opposite the name of each elector in the enrollment book the number designated by him on the enrollment blank. This must be done before the 15th of December, and the enrollment books thus made up go into effect on the 1st day of January following, and remain in force until the 1st day of the following January, when they are superseded by new books. Held that, though the declaration is made in October, it should be treated as if made on January 1st following, when it becomes effective, and the statements that the voter has not enrolled "since the first day of last year" must be considered as referring to the day on which it takes effect.

Appeal from Special Term.

Application for an order to strike from the enrollment book of the Fifth election district of the Fifteenth assembly district in the county of New York the name of Stephen J. Duffy. From an order denying the motion, this appeal was taken. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Harry W. Mack, for appellant.
Charles F. Bostwick, for respondent.

SCOTT, J. This is an appeal from an order denying a motion to strike the name of Stephen J. Duffy from the enrollment book for the year 1907 for the Fifth election district in the county of New York. The motion is made under the authority of chapter 350, p. 900, Laws 1904, and the ground upon which it is made is that Duffy had been enrolled with the Democratic Party upon the enrollment book for the year 1906, and therefore could not be legally enrolled as a member of the Republican Party for the year 1907. The Legislature has prescribed with great care and particularity the method to be followed by an elector in order to become enrolled in a political party, and thus become entitled to participate in its primary elections and conventions; the evident purpose being to afford full facility for every member of a party who desires to do so to participate in the government of the party, in shaping its policies, and in nominating its candidates, and at the same time to prevent, so far as is possible, any successful attempt on the part of members of one party to intrude upon, or participate in, or influence or control the primaries and conventions of another party. To this end elaborate provisions have been made for the enrollment of electors in the party of their choice for limiting their right of participation in primaries and committees to those who are thus enrolled, and for preventing any elector from enrolling in more than one party in any political year. The method by which an elector thus becomes enrolled is provided for by chapter 473, p. 968, Laws 1899, which amended chapter 179, p. 331, Laws 1898. It is made the duty of the custodian of primary records (in the City of New York the board of elections) to cause to be erected, before the first day of registration in each year, at least two voting booths in each place of registration, said booths to remain during the four regular days of registration. They are also required to provide in each place of registration a ballot box, and enrollment blanks, in the form prescribed by statute, and enrollment envelopes. Each voter as he registers is given an enrollment blank and an envelope, and, if he desires to be enrolled in any party, he retires to a booth, marks the enrollment blank in an appropriate circle provided for that purpose, incloses the blank in the envelope, which he seals, and deposits in the ballot box. A number is placed opposite his name on the registration books, and the same number is put upon his enrollment blank and envelope, so that, when the envelopes are opened, a comparison of the number on the envelope with the number opposite the name on the registration book fixes the identity of the elector, and the mark upon blank indicates the party with which he desires to enroll. The ballot boxes containing the enrollment blanks remain unopened until the Tuesday following the next succeeding day of general election. The boxes are then opened and the blanks examined, and there is set opposite the name of each elector in the enrollment book the party designated by him upon the enrollment blank. This must be done before the 15th of December. The enrollment books thus made up go into effect on the 1st day of January following the days of registration on which they were begun

and remain in force until the 1st of the following January, when they are superseded by new books. In portions of the state other than in cities containing more than a million inhabitants names may under certain circumstances be added to the enrollment. Only electors thus enrolled may participate in the primary elections of their party. The enrollment blank to be marked by each voter desiring to be enrolled is in the form of a declaration by him, in the following words:

"I, who have placed a mark underneath the party emblem of my choice, do solemnly declare that I have this day registered as a voter for the next ensuing election, and that I am a qualified voter of the election district in which I have so registered, and that my address is as stated by me at the time I so registered; that I am in general sympathy with the principles of the party which I have designated by my mark hereunder; that it is my intention to support generally at the next general election, state or national the nominees of such party for state or national offices; and that I have not enrolled with or participated in any primary election or convention of any other party since the first day of last year."

The point of the present controversy turns upon the meaning to be given to the words "since the first day of last year." The appellant contends that the reference is to the previous calendar year, so that, when an elector upon a registration day in October, 1907, declared that he had not enrolled "since the first day of last year," he must be taken to mean that he had not marked and deposited an enrollment blank since the 1st day of January, 1906. Hence it is said that when Duffy on one of the registration days in 1907 marked and deposited an enrollment blank declaring that he had not enrolled in any party, other than the Republican, since the first day of last year, he made a false declaration, because it is admitted that on the days of registration in 1906 he marked and deposited a similar blank wherein he declared his adherence to the Democratic Party, and was in consequence an enrolled member of that party during the year 1907. It is obvious and is frankly conceded that if this be the true construction of the statute, if any elector becomes dissatisfied with the party to which he has theretofore adhered, and desires to change his adherence to another party, he must undergo a locus penitentiæ of at least one full year, during which he may not be enrolled as a member of or participate in any way in the government of either party. We do not understand this to be the intention of the law, and we do not find it necessary to so construe it. The primary election law recognizes in the fullest way, as does also the general election law, the existence of parties as political organizations with enrolled electorates, and officers and committees chosen by and from the electors. They are not to be close corporations selecting their own members, but any elector is entitled to become an enrolled member of any party, and to participate in its government, providing he complies with the statutory tests which consist only of his own declaration as to his political sympathies and intentions. It is clearly to the advantage of the commonwealth that the electors generally should interest themselves in and participate in the management of the political parties to which they severally adhere, and if an elector's own opinion change, or the party to which he has adhered deserts or departs from the political principles by which he was attracted to it, it is not the policy of the law to place obstacles in the way of a change

of adherence to · a party with which he finds himself in sympathy. The primary election law provides for an annual enrollment, and that a party having enrolled in one party for any year may not during that same year become enrolled in another party. This, while forbidding a double enrollment of the same person, clearly contemplates that the list of enrolled members may change from year to year. By this means, while a reasonable opportunity is given to an elector to change his political adherence, yet an obstacle is erected in the way of any attempt on the part of the members of one party to assume control of the management of the other. The political or enrollment year is made to extend from January 1st to January 1st, and, although the necessary preliminaries of marking the enrollment statements, examining the statements so signed, entering the names of their chosen parties opposite the names of the several electors must of necessity be done before January 1st, the enrollment does not become complete and effective; that is to say, the elector does not become enrolled until January 1st. The marking of the enrollment blank is but one step towards the enrollment; and, although actually marked in October, it should, as we consider, be treated as if made on January 1st, the day on which it became effective. When, therefore, Duffy marked the declaration that he had not enrolled with or participated in any primary election or convention of any other party since the first day of last year, he must be considered as intending to speak as of the 1st day of January, 1908, the first day of the enrollment year, and the day upon which he actually became enrolled as a Republican. Thus considered, his statement was not untruthful, for it does not appear that he participated in any Democratic primary or convention during the calendar year of 1907.

The order appealed from must be affirmed.

PATTERSON, P. J., and LAUGHLIN and HOUGHTON, JJ., concur.

INGRAHAM, J. I concur in the conclusion of Mr. Justice SCOTT, as I think that the declaration that the voter is required to make in order to enroll as a voter at the primary election, by subdivision 1, § 3, Primary Election Law (chapter 473, p. 970, Laws 1899), applied to the year ending on the day upon which he signed the declaration. He is there required to declare that he "has not enrolled with or participated in any primary election or convention of any party since the first day of last year." There is nothing to indicate an intention to refer to the last calendar year rather than the year ending on the day on which the declaration is made. The declaration is required to be made on the day of registration for a general election. When an elector presents himself for registration, after he shall have registered as a qualified elector for the next ensuing election, the board of election inspectors are required to deliver to such an elector the enrollment blank, and an elector desiring to enroll shall then enter a voting booth in said place of registration, and shall make a mark with a pencil beneath the emblem of the party of his selection, and thereupon inclose such enrollment blank in an envelope and seal the same, and, before leaving

the place of registration, shall deliver the same to a member of the board of election inspectors, and the said envelope shall then be deposited in a ballot box in the place of registration. I think the fair intendment of this declaration is that a person about to enroll so as to be able to participate in a primary election or convention has not enrolled with or participated in any primary election within one year from the date of his then enrollment. The words "last year," as here used, should, I think, be construed as synonymous with the past year, so as to exclude a person who had either enrolled with or participated in the management of a political party other than that designated during the year that then expired. If the words "last year" apply to the calendar year, I think there would be much in the contention that it must be applied to the calendar year preceding the time at which the declaration was made as that calendar year would not be the last year; but it seems to me that such construction would be contrary to the general intent of the section, and there is nothing in the language used that would indicate to the person making the declaration that it was the calendar year that was intended rather than the year immediately preceding the date of the making of the declaration. Section 25 of the statutory construction law (chapter 677, p. 1490, Laws 1892) provides that "the term year in a statute, contract, or any public or private instrument, means three hundred and sixty-five days"; and thus, when the statute provides that a person has not done an act since the first day of last year, the year there mentioned is a year of 365 days, and he certifies that he has not done any of the acts stated within that period. As there is no evidence that this appellant has enrolled or taken part in the proceedings of any particular party within a year from the time he made such declaration, the court was not justified in striking his name from the roll; and the order appealed from should therefore be affirmed.